**AFFIRMED as MODIFIED; and Opinion Filed August 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00533-CR**

**No. 05-22-00534-CR**

**ROLMAN JUAREZAGUILAR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-25280-N and F20-25305-N**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

Appellant Rolman JuarezAguilar was charged, in separate indictments, with continuous sexual abuse of two children under the age of fourteen. *See* TEX. PENAL CODE ANN. § 21.02. The jury convicted him of the lesser included offense of aggravated sexual assault of a child, *see id.* § 22.021(a)(1)(B), (a)(2)(B), and assessed his punishment at seventy-five years' confinement and a $10,000 fine in each case. The trial court ordered his sentences to run concurrently.

Appellant argues on appeal that he was denied his constitutional right to a fair and impartial trial when the trial judge interjected herself in the trial by improperly commenting on the weight of the evidence and actively assisting the prosecution during defense counsel's cross-examination of the two child victims. Appellant also asserts that the judgments should be modified to accurately reflect the amount of costs authorized to be assessed against appellant, appellant's name, the offense for which appellant was convicted, and the corresponding penal code section for the offense. In two cross-issues, the State argues that the judgments should be further modified to reflect an affirmative finding that the child victim was younger than fourteen at the time of the offense and that appellant is required to register as a sex offender. Because we conclude that appellant was not denied his right to a fair and impartial trial and that the judgments should be modified, we affirm the trial court's judgments of conviction as modified.

## Due Process Right to a Fair and Impartial Trial

Appellant argues in his first issue that he was denied his constitutional right to a fair and impartial trial. He contends the trial judge interjected herself in the trial proceedings by commenting on the weight of the evidence and actively assisting the prosecution. In short, appellant contends that the trial court became an advocate for the State during defense counsel's cross-examination of the two child victims, V.G. and C.G.

The State responds that the trial court's statements were not reasonably calculated to prejudice appellant, did not improperly comment on the weight of the evidence, did not assist the State, did not indicate disbelief in the defense's position, and did not diminish the credibility of the defense's approach to the case.

The trial court has broad discretion in maintaining control of its courtroom and in expediting the trial. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Thus, a judge can lawfully provide guidance to attorneys and manage the presentation of evidence from the bench without abandoning the role as an independent arbiter. *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing TEX. R. EVID. 611(a)); *see also* TEX. R. EVID. 611(a) (providing the trial court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence"). However, "[i]n ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible." TEX. CODE CRIM. PROC. ANN. art. 38.05. A trial court improperly comments on the weight of the evidence if it makes a statement that (1) implies approval of the State's argument, (2) indicates any disbelief in the defense's position, or (3) diminishes the credibility of the defense's approach to its case. *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.). An improper comment constitutes reversible error if it is material and it is reasonably calculated to benefit the State or to prejudice the defendant's right to a fair and impartial trial. *Id.*

The rules of evidence permit questioning a witness about alleged prior inconsistent statements if certain requirements are met. TEX. R. EVID. 613(a). First, the party must tell the witness the contents of the statement, the place and time of the statement, and the person to whom the witness made the statement. TEX. R. EVID. 613(a)(1). Then the witness must be given an opportunity to explain or deny the statement. TEX. R. EVID. 613(a)(3).

Here, on cross examination, defense counsel asked V.G. multiple questions regarding what she said during her forensic interview, what she previously told prosecutors, and what she testified to during her direct examination. After asking many pages of questions without interruption, the State objected that defense counsel was mischaracterizing the witness's forensic interview. The parties approached the bench, and a discussion was held off the record. Defense counsel resumed his questioning. Subsequently, the State again objected that defense counsel was mischaracterizing V.G.'s prior interview and was testifying to V.G.'s prior statements instead of asking V.G. whether she made the prior statements. Because V.G. had already answered defense counsel's question, the trial court did not rule on the objection and allowed defense counsel to continue. After more questioning by defense counsel regarding what V.G. told the forensic interviewer, the following exchange between the trial court and defense counsel occurred:

> THE COURT: I'm going to sustain the State's earlier objection
> to your testifying. If she doesn't say something inconsistent that you

–4–

have there to impeach her testimony you're going through a prior interview, question by question, is you're testifying.

[DEFENSE COUNSEL 1]: Your Honor, I have the right to cross-examine her based on any prior statement that she has made.

THE COURT: You have the right to cross-examine her on what she said.

[DEFENSE COUNSEL 1]: Correct, Your Honor.  And that's what I'm doing.

THE COURT: That's not what I hear.  I hear you pulling out things, stated that as fact, things that have not been offered into evidence and have not been presented and then we're getting "uh-huh", "I guess", "I don't remember", "Okay", which okay sounds like she's saying if you say so it's okay.

Let's get to the end of this, please, sir.

[DEFENSE COUNSEL 1]: Yes, Your Honor.

Defense counsel again continued to question V.G.  At one point, defense counsel began asking, "Would it surprise you that you didn't tell [the forensic interviewer]," when the trial court stopped defense counsel and advised, "Ask her if she said . . . if she told [the forensic interviewer] not that that's what the document shows that's not in evidence, unless you want to offer it."  Defense counsel continued but was again stopped when he started to ask, "When [the forensic interviewer] had asked you whether you know whether lying was a good thing or a bad thing do you recall telling her - -"?  The court and defense counsel then had the following exchange:

–5–

THE COURT: Nope. No more from that. That's your testifying regarding an exhibit that's not before the Jury and unless you want to offer it you're testifying. So sustained on - -

[DEFENSE COUNSEL 1]: Your Honor, I'm entitled to cross-examine a witness on a prior statement that you can - -

THE COURT: Not if it's not in the record. Go ahead and ask your next question.

[DEFENSE COUNSEL 1]: Your Honor, I would say that you prevented me from asking this line of questions, Your Honor. It's a violation of my client's Sixth Amendment Rights. It's compelling - -

THE COURT: You're testifying about an exhibit that's not in evidence.

[DEFENSE COUNSEL 1]: I am questioning to the fact whether she can see that she made that statement before.

THE COURT: And that's what higher courts are for. I am - - Ask your next question.

[DEFENSE COUNSEL 1]: I will do so, Your Honor, but I will say that in your ruling would be a violation of my client's Fifth (sic) Amendment Right, all of our Fifth Amendment Rights and a violation of my client and everyone's Fourteenth Amendment Right, Your Honor, through cross-examination.

THE COURT: Okay.

Q    (By [Defense Counsel 1]) How did you explain to [the forensic interviewer] about your feelings between a truth and a lie?

A    The truth is something that happened and - -

THE COURT: Same thing. Same thing. You're asking her about something that's not in evidence.

[DEFENSE COUNSEL 1]: I said how.

–6–

THE COURT: No, the same thing.

[DEFENSE COUNSEL 1]: It was open ended.

THE COURT: You're asking her about something that's not in evidence.

[DEFENSE COUNSEL 1]: I asked her how.

THE COURT: No, no. Ask another question. Open ended doesn't make it any less your testifying about a document, a piece of evidence that is not in the record.

[DEFENSE COUNSEL 1]: It's interjecting. Would you let her answer the question?

THE COURT: No, because this has gone on and on and on and on and we'll be here till 3:00 o'clock with the same witness with questioning on issues and evidence that's not in the record.

[DEFENSE COUNSEL 1]: I'm sorry, Judge. I understand that you're making a ruling, but I didn't think that - -

THE COURT: When a law is being violated I can jump in all by myself. That's why I'm doing. Ask another question, please.

Outside of these brief interjections by the trial court, defense counsel was freely permitted to cross-examine V.G. regarding her prior statements.

Appellant's other defense counsel cross-examined C.G., and when she began asking C.G. about what she told the forensic interviewer, the trial court similarly admonished her that she had to lay the proper predicate:

THE COURT: Are we back on the interview that's not been admitted?

[DEFENSE COUNSEL 2]: I'm questioning statements she made. It is a due process right to question and cross-examine on

anything that she has told anyone and for purposes of credibility, impeachment, for the truth.

THE COURT: Is that the same thing we talked about with an earlier witness?

[DEFENSE COUNSEL 2]: I'm talking about her and - -

THE COURT: That would be a yes or a no answer.

[DEFENSE COUNSEL 2]: Her statements, Your Honor.

THE COURT: Is this the same thing, the same type of questioning the interview with a witness on a video that's not been offered?

[DEFENSE COUNSEL 2]: I'm not offering the video.

THE COURT: I'm asking if you want to ask questions about matters not in evidence you need to offer that video.

[DEFENSE COUNSEL 2]: Pursuant to Rule - - Texas Rules of Evidence 613 I have a right to question her and under due process in our United States' Constitution, the Fourteenth Amendment, and the Texas Constitution, I have a right to cross-examine anything she's told anybody.

THE COURT: Okay. Those things need to be in evidence. You're testifying about a matter that's not - - So you give me a case that says when an individual gives an interview and the interview is not offered into evidence that you can go question, question, question, question, you can ask two-hundred questions of the witness, did you say this, did you say this, did you say this, when that piece of evidence has not been offered.

[DEFENSE COUNSEL 2]: Under 613, Your Honor, I have a right to lay the predicate, remind her where she said it, what she said, in order to lay the predicate in case her statement has changed. And if she refuses it then at that time I'm allowed to offer. I am not offering any video recording of what she said. I'm asking - -

THE COURT: I need you to calm down just a little bit.

[DEFENSE COUNSEL 2]: I'm asking - -

THE COURT: Okay. So you're saying now you've got a predicate you'd like to establish, other than just talking out a do you remember saying such and such?

[DEFENSE COUNSEL 2]: That's how the proper predicate - -

THE COURT: Did you, in fact, say such and such in the forensic interview?

[DEFENSE COUNSEL 2]: My client has a right to trial, Your Honor.

THE COURT: Yes.

[DEFENSE COUNSEL 2]: And I'm following the Rules of Evidence and laying out any predicate in determining her credibility, which is what my job is to do in front of these Jurors.

THE COURT: You're testifying from something that's not in evidence.

[DEFENSE COUNSEL 2]: No. I'm testifying - - I'm talking about her statements that she's previously made and only her statements.

THE COURT: Okay. I'm not going to let you cross - - ask questions based on a specific question that's not in our record. If you want to ask her about a topic that's something else, but as far - -

[DEFENSE COUNSEL 2]: These are topics.

THE COURT: Okay. Well, got to get in the last word.

First of all - -

[DEFENSE COUNSEL 2]: It's my job, Your Honor.

THE COURT: Getting in the last word is your job?

[DEFENSE COUNSEL 2]: To protect the record and make sure that my client gets a fair trial in this courtroom.

[PROSECUTOR]: Judge, if I may, the State does object because this is improper impeachment. The witness has said she doesn't remember on multiple occasions. You can't impeach her with a statement when she says she doesn't remember.

[DEFENSE COUNSEL 2]: If I don't ask the question how could she ever say she doesn't remember?

THE COURT: You haven't given her a chance. You haven't said do you remember - -

[DEFENSE COUNSEL 2]: Well - -

THE COURT: No, no, no. We're going to pick one at a time.

[DEFENSE COUNSEL 2]: Can we ask the Jurors to step out at this time so we can put this on the record?

THE COURT: Sure. Let's take a break. Ten minutes.

(Jury Out)

(Break)

[DEFENSE COUNSEL 1]: Your Honor, pursuant to 613 Texas Rules of Evidence the only thing that is required to lay the predicate for inconsistent statements or impeachment, Your Honor, is to allow the witness to recall when the statement was made, let her know what was said and then under those circumstances, if she negates it, then the Defense has the option to either offer extrinsic evidence to impeach her then.

THE COURT: Which you have neither one of y'all done.

. . . .

THE COURT: . . . . She said I don't remember and then you say well, in fact, what you said was da, da, da, and I let you ask thirty questions like that before I realized, making a rookie mistake I did, that you were asking [V.G.] the same thing about an interview, none of which is in front of us. You went through question by question, don't you remember saying this, this, this, and you said this and you said that. It was question by question from that interview that's not in the record. And neither one of y'all have done any kind of impeachment. She's not giving you the answer that you want that would allow - - Okay. I'm just not gonna sit here. All right. There we go. Everybody - -

. . . .

[DEFENSE COUNSEL 2]: . . . . So I am here trying to question her to find out if she's ever said something. I have to ask the question. If she agrees to it then I don't get to let the video in, in theory, or the item that could impeach them. So if she agrees to it I can move on, if she doesn't agree with it I have to state where it came from, what was said and give her an opportunity to either have her mind refreshed or to just disagree that she ever said it. That's what 613 is all about.

THE COURT: And I've never heard any attempt to comply with 613 from [Defense Counsel 1] or from you.

[DEFENSE COUNSEL 2]: I have to ask her - -

THE COURT: You all have tossed out a - -

[DEFENSE COUNSEL 2]: - - if she said something.

THE COURT: - - question. That's not what I'm hearing. I'm hearing this is what you said and you've got young witnesses on the stand who - - well, this one has said no, I don't remember.

[DEFENSE COUNSEL 2]: Okay.

. . . .

[DEFENSE COUNSEL 2]: Are you making an objection or was it the State because you're acting as a prosecutor in this case. I apologize for saying that.

–11–

THE COURT: I'm saying that thirty questions, twenty questions into the prior complainant witness I realized that [Defense Counsel 1], you don't just get free reign and I don't care what the State is doing. If you're doing something that's not admissible and it's going on and on and on - -

[DEFENSE COUNSEL 2]: I barely started with this witness. I just started and now you're - -

THE COURT: Okay. Is that your normal trial voice?

[DEFENSE COUNSEL 2]: It is, really it is. Okay.

I have barely started on this case. I've barely started asking some questions. I'm trying to get her to get in compliance with one, trying to remember things, because she didn't remember something until she saw her own drawing and then she remembers it, so I'm trying to get her to remember. Now, if she doesn't then I will proceed to impeachment.

But you want to know what the Jurors are doing? Do you believe you already know what the verdict is? Because we're gonna put on a trial to show - -

THE COURT: Did anybody say that?

[DEFENSE COUNSEL 2]: - - there's inconsistent statements, that there's no credibility to their statements, and try to win this trial like I'm supposed to do.

THE COURT: And that's what I want you to do. You need to follow the law - -

[DEFENSE COUNSEL 2]: I am.

THE COURT: - - and - - No, you're not. I haven't heard a single do you remember saying this statement, do you remember back on such and such, you haven't done that.

–12–

Although this exchange appears heated at times, we conclude the trial court was instructing defense counsel to ask questions about alleged prior inconsistent statements in accordance with the Texas Rules of Evidence. The trial court advised both defense counsel that they were not laying the proper predicate, specifically that they were not asking the witnesses whether they made or remembered making the prior inconsistent statements. Appellant contends that the trial court interrupting counsel's questioning sua sponte, without a State's objection, and "chastis[ing]" counsel in front of the jury made it appear that counsel was "acting wholly improper and attempting to present evidence that the jury was not suppose[d] to know about." According to appellant, this conveyed to the jury that defense counsel's attempt to present evidence regarding the child victim's inconsistent statements was "wrong and illegal."

However, once defense counsel began asking the impeachment questions in adherence to Rule 613, the trial court allowed the cross-examination to proceed. "Further, a trial judge's irritation at the defense attorney does not translate to an indication as to the judge's views about the defendant's guilt or innocence." *Jasper*, 61 S.W.3d at 421. Therefore, we disagree with appellant's assertion that, based on the trial court's exchange with defense counsel, the jury would have "totally ignore[d] any impeachment evidence presented by the defense" and that such exchange rendered the jury's "evaluation of the credibility of the testimony from the complaining witnesses completely one sided."

Moreover, the court's jury charge instructed:

> You are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise to be the opinion of the Court to be. The Court has no right by any word or act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. You must base your verdict only on the evidence presented.

We presume that the jury understood and followed this instruction. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

We cannot conclude that the trial court improperly interfered with defense counsel's cross-examination of the two child victims, commented on the weight of the evidence, or violated appellant's right to a fair and impartial trial. Appellant's first issue is overruled.

## Modification of the Judgments

In his second through ninth issues, appellant argues that each of the judgments should be modified to accurately reflect the amount of costs authorized to be assessed against appellant, specifically that the $1 Jury Fee and the $25 Specialty Court Fee should be deleted, the Court House Security Fee should be reduced from $10 to $5, and the State Consolidated Fee should be reduced from $185 to $133. Appellant also argues that the judgments should be modified to accurately reflect appellant's name, the offense for which appellant was convicted, and the corresponding penal code section for the offense. The State agrees and, in two cross issues, asserts that the judgments should also be modified to reflect a finding that

–14–

each child was under fourteen when the offense occurred and that appellant is required to register as a sex-offender.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). We agree with the parties that the judgments should be modified as requested on appeal. We also conclude that the judgments should be further modified to reflect the attorneys who appeared as co-counsel for both appellant and the State, to reflect that appellant was assessed a $10,000 fine in each case, and to delete the duplicate costs assessed against appellant in Cause No. F20-25305-N.

Here, each judgment provides that appellant was assessed $386 in costs. The bill of costs in each case provides the following breakdown of the costs assessed:

Child Abuse Prevention Fund: $100
Clerk's Fee: $40
Jury Fee: $1
Court House Security Fee: $10
State Consolidated Fee: $185
County Records Management Fee: $25
Specialty Court Fee: $25

The imposition of certain court costs is mandatory upon conviction and should be reflected in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.16. However, a cost cannot be imposed for a service not performed or for a service for which a cost is not expressly provided by law. *Id.* art. 103.002. As we explained in *Shuler v.*

*State*, several cost related statutes were amended by the legislature in 2019. 650 S.W.3d 683, 687–91 (Tex. App.—Dallas 2022, no pet.); *see also Contreras v. State*, Nos. 05-20-00185, 00186-CR, 2021 WL 6071640, *5–9 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication). The new cost structure, set forth in the amended statutes, became effective on January 1, 2020, and applies only to offenses committed on or after that date. *Shuler*, 650 S.W.3d at 687–91; *Contreras*, 2021 WL 6071640, *5–9. Here, the offenses were alleged to occur on May 1, 2012, and on June 1, 2013. Thus, the changes that became effective on January 1, 2020, do not apply to appellant's convictions.

The Jury Fee and Specialty Court Fee were among these January 2020 changes, and thus should be deleted. *See Shuler*, 650 S.W.3d at 687; *Contreras*, 2021 WL 6071640, *9 n.7. The Court House Security Fee was authorized by former article 102.017 in an amount of $5, and thus should be reduced from $10 to $5 here. *See Contreras*, 2021 WL 6071640, *9 n.7. And the State Consolidated Fee was authorized by former section 133.102 of the local government code in an amount of $133, not $185. *See Shuler*, 650 S.W.3d at 691; *Contreras*, 2021 WL 6071640, *9. All other fees were previously authorized by former articles 102.005 and 102.0186 of the code of criminal procedure. *See Shuler*, 650 S.W.3d at 687–88; *Contreras*, 2021 WL 6071640, *6, 9 n.7. Therefore, the costs assessed against appellant should be reduced from $386 to $303.

In addition, we conclude that the costs should be deleted from the judgment in Cause No. F20-25305-N because they are duplicative of the costs assessed against appellant in Cause No. F20-25280-N. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'" *Shuler*, 650 S.W.3d at 690 (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). Generally, the cost should be assessed in the case with the highest category offense but, when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Shuler*, 650 S.W.3d at 690. Therefore, the judgment and bill of costs in Cause No. F20-25305-N should be modified to delete the $386 in duplicate costs assessed against appellant.

As to the other modifications requested by the parties, the record shows that appellant was indicted as Rolman Feliciano JuarezAguilar; however, the State moved to amend the indictment to strike Feliciano, appellant's middle name. The trial court granted the State's motion. The judgments currently show the case was against Feliciano Rolman JuarezAguilar. Therefore, the style of the judgments

should be modified to reflect appellant's name as Rolman JuarezAguilar, not Feliciano Rolman JuarezAguilar.

The record also reflects that the jury convicted appellant of the lesser included offense of aggravated sexual assault of a child in each case, not the originally indicted offense of continuous sexual abuse of a child younger than fourteen. Therefore, the judgments should be modified to reflect that appellant was convicted of aggravated sexual assault of a child under fourteen and that the statute for the convicted offense is section 22.021(a)(1)(B), (a)(2)(B) of the penal code, not section 21.02(b). Because appellant was convicted of aggravated sexual assault of a child, he is required to register as a sex offender and, thus, the box indicating he is required to register should be checked on each judgment. *See* TEX. CODE CRIM. PROC. arts. 62.001(5)(A), 62.051(a). The record further reflects that both child victims were under the age of fourteen at the time of the offense, which should also be indicated in the sex-offender registration section of the judgments, as well as the special findings section. *See id.* arts. 42.01, § 1(27) (requiring statement of the age of the victim when defendant is convicted for offense that requires sex-offender registration), 42.015(b) ("In the trial of a sexually violent offense, as defined by Article 62.001, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense."); 62.001(6)(A) (defining aggravated sexual assault as a sexually violent offense).

The record also reflects that in addition to counsel currently listed on the judgments, Katherine Mitchell appeared for the State and Kathy Lowthorp appeared for appellant. Therefore, the judgments should be modified to reflect their participation in each case.

And, finally, the judgment in Cause No. F20-25280 should be modified to reflect that the jury assessed a $10,000 fine against appellant as part of his punishment.

It is incumbent on the trial court and the district clerk's office to issue judgments that properly reflect what occurred in any given case. *See id.* art. 42.01 (setting out required provisions of a criminal judgment). This Court should not be tasked with correcting the trial court's judgments time and time again. Because the trial court's judgments contain numerous errors as discussed above, we sustain appellant's second through ninth issues, as well as the State's two cross issues.

**Conclusion**

The judgments are modified as follows:

- The style of each judgment which reads "The State of Texas v. Feliciano Rolman JuarezAguilar" is modified to read "The State of Texas v. Rolman JuarezAguilar";

- "Katherine Mitchell" is added under "Attorney for State: Kristin Van Bolden";

- "Kathy Lowthorp" is added under "Attorney for Defendant: Rafael Sierra";

–19–

- "Offense for which Defendant Convicted: Sex Abuse Continuous Child/14" is modified to read "Offense for which Defendant Convicted: Aggravated Sexual Assault of a Child/14";

- "Statute for Offense: 21.02(B) Penal Code" is modified to read "Statute for Offense: 22.021(a)(1)(B), (a)(2)(B) Penal Code";

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark;

- "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was under the age of fourteen."; and

- The following sentence is added to the end of the judgments after "Furthermore, the following special findings or orders apply:" "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

The judgment in Cause No. F20-25280-N is further modified as follows:

- "Fine: $0" is modified to read "Fine: $10,000"; and

- "Court Costs: $386" is modified to read "Court Costs: $303."

The bill of costs in Cause No. F20-25280-N is also modified as follows:

- "Jury Fee          1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read "Court House Sec Fee    5.00";

- "Cons State Fees      185.00" is modified to read "Cons State Fees      133.00"; and

- "Specialty Court      25.00" is deleted.

The judgment in Cause No. F20-25305-N is further modified as follows:

- "Court Costs: $386" is modified to read "Court Costs: $0."

–20–

And the bill of costs in Cause No. F20-25305-N is modified to delete each of the costs assessed.

As modified, we affirm the judgments of the trial court. The trial court is directed to prepare a corrected judgment in each case that reflects the modifications made in this Court's opinion and judgments. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220533F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ROLMAN JUAREZAGUILAR,
Appellant

No. 05-22-00533-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-25280-N.
Opinion delivered by Justice Smith.
Justices Molberg and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- The style "The State of Texas v. Feliciano Rolman JuarezAguilar" is modified to read "The State of Texas v. Rolman JuarezAguilar";

- "Katherine Mitchell" is added under "Attorney for State: Kristin Van Bolden";

- "Kathy Lowthorp" is added under "Attorney for Defendant:  Rafael Sierra";

- "Offense for which Defendant Convicted: Sex Abuse Continuous Child/14" is modified to read "Offense for which Defendant Convicted: Aggravated Sexual Assault of a Child/14";

- "Statute for Offense: 21.02(B) Penal Code" is modified to read "Statute for Offense: 22.021(a)(1)(B), (a)(2)(B) Penal Code";

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark;

–22–

- "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was under the age of fourteen.";

- "Fine: $0" is modified to read "Fine: $10,000";

- "Court Costs: $386" is modified to read "Court Costs: $303"; and

- The following sentence is added to the end of the judgment after "Furthermore, the following special findings or orders apply:" "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Jury Fee                          1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read "Court House Sec Fee    5.00";

- "Cons State Fees            185.00" is modified to read "Cons State Fees            133.00"; and

- "Specialty Court            25.00" is deleted.

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects this modification.

Judgment entered this 10th day of August 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLMAN JUAREZAGUILAR,
Appellant

No. 05-22-00534-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-25305-N. Opinion delivered by Justice Smith. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- The style "The State of Texas v. Feliciano Rolman JuarezAguilar" is modified to read "The State of Texas v. Rolman JuarezAguilar";

- "Katherine Mitchell" is added under "Attorney for State: Kristin Van Bolden";

- "Kathy Lowthorp" is added under "Attorney for Defendant: Rafael Sierra";

- "Offense for which Defendant Convicted: Sex Abuse Continuous Child/14" is modified to read "Offense for which Defendant Convicted: Aggravated Sexual Assault of a Child/14";

- "Statute for Offense: 21.02(B) Penal Code" is modified to read "Statute for Offense: 22.021(a)(1)(B), (a)(2)(B) Penal Code";

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark;

- "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was under the age of fourteen.";

- "Court Costs: $386" is modified to read "Court Costs: $0"; and

- The following sentence is added to the end of the judgments after "Furthermore, the following special findings or orders apply:" "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

Additionally, the bill of costs is **MODIFIED** to delete each of the costs assessed against appellant Rolman JuarezAguilar.

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects this modification.

Judgment entered this 10th day of August 2023.